

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 4, 1964

Honorable Wm. Hunter McLean
Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas          78701

Dear Mr. McLean:

Opinion No. C-253

Re: Adoption of reasonable rules
and regulations by the State Board
of Insurance to prevent use of ex-
tension of credit as an inducement
to insure.

You have recently requested our opinion on the following ques-
tion:

"May the State Board of Insurance adopt reasonable
rules and regulations so as to prevent the use of ex-
tension of credit by an insurance company as an induce-
ment to insure with that particular company?"

It is a well established principal in the jurisprudence of
this State that a State regulatory agency may make reasonable rules
and regulations, related to the performance of a specific statutory
duty placed upon that agency by the Legislature, whenever the
authority to make such rules and regulations is expressly or im-
pliedly conferred upon the agency by statute. Gulf Land Co. v.
Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939); Railroad
Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022 (1942);
Gulf, C. & S.F. Ry. Co. v. State, 120 S.W.2d 1002 (Civ.App. 1909,
error ref.).

Articles 1.02(b) and 1.10(1) and (7), Texas Insurance Code,
clearly give the State Board of Insurance the general authority and
responsibility for the enforcement and execution of laws respecting
insurance and insurance companies. The comprehensive extent of
such authority has been repeatedly recognized by our courts. In
Butler v. American National Insurance Co., 235 S.W.2d 185 (Civ.App.
1950, error ref.), the Court said:

"That the Board of Insurance Commissioners has the
duty, authority and obligation to see that all laws
respecting insurance and insurance companies are faith-
fully executed are not questioned; such powers and
duties are conferred by statute. . . ."

Your question concerns the authority of the Board to adopt reasonable rules and regulations concerning the prohibitions contained in Article 5.41, Texas Insurance Code, which provides in part:

"No company shall . . . give, sell or purchase, offer to give, sell or purchase, directly or indirectly, as an inducement to insure or in connection therewith, any stocks, bonds, . . . or any dividends or profits accrued or to accrue thereon, or anything of value whatsoever, not specified in the policy." (Emphasis added.)

Article 5.47, Texas Insurance Code, provides that any insurance company subject to the provisions of Chapter 5 shall be subject to cancellation of its Certificate of Authority upon violation of any provision of that Chapter. Article 5.41 is such a provision.

Under the above statutes and court decisions, the Board unquestionably has the duty, the authority, and the sanctions to prevent the use of "inducements" (not specified in the policy) to insure with a particular company.

Article 1.04(b) and (c), Texas Insurance Code, clearly recognizes that the State Board of Insurance is clothed with sufficient statutory authority to make reasonable rules and regulations to effectuate and execute the insurance laws of this State.

Statutorily, companies are proscribed from giving "anything of value whatsoever, not specified in the policy" as an inducement to insure with that particular company.

In your request you state that "the rate of interest or lack of interest on the postponement of payment of insurance premium has been used as an inducement to acquire business." Under the stated facts such practices are clearly prohibited by statute. Pursuant to the statutes and court decisions cited above the State Board of Insurance has the power to promulgate such reasonable rules and regulations so as to enable them to effectively perform their statutory duty. One such duty is to prevent the use by a company of "anything of value whatsoever, not specified in the policy" as an inducement to insure with that particular company.

You are therefore advised that the State Board of Insurance may adopt reasonable rules and regulations so as to prevent the use of an extension of credit by an insurance company as an inducement to insure with that particular company.

Honorable Wm. Hunter McLean, page 3, Opinion No. C-253

## SUMMARY

The State Board of Insurance may adopt reasonable rules and regulations to prevent use of extension of credit as an inducement to insure with that particular company.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _____
JOE R. LONG
Assistant Attorney General

JRL:da

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Hawthorne Phillips
Stanton Stone
J. C. Davis
J. S. Bracewell

APPROVED:
By: Waggoner Carr
Attorney General